UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL MAZURKIEWICZ,

    Plaintiff,

        v.                     Case No. 15-CV-1421

CAROLYN W. COLVIN,

    Defendant.

ORDER GRANTING JOINT MOTION TO REMAND (DOCKET NO. 31)

This matter coming before the court on the parties' motion, and the court being fully informed,

IT IS ORDERED that defendant's motion for reversal with remand pursuant to the fourth sentence of 42 U.S.C. § 405(g) is granted. The Commissioner's decision is remanded for further administrative proceedings. On remand, the claim will be sent to an administrative law judge for a new administrative hearing at which plaintiff will be afforded the opportunity to testify, submit additional evidence, and present arguments; and the ALJ will issue a new decision. Specifically, the Appeals Council shall direct the ALJ to update the evidence of record (20 C.F.R. § 416.912) and weigh the medical opinion evidence (20 C.F.R. § 416.927); identify the Plaintiff's medically determinable impairments, both mental and physical, established by the record and, for the established impairments, consider the nature and severity of the same (20 C.F.R. §§ 416.908-909, 416.920a, and 416.928); further consider the reliability of the Plaintiff's reports of symptoms and limitations (20 C.F.R. § 416.929; Social Security Ruling 16-3p); reassess the

Plaintiff's residual functional capacity(ies) during the entire period at issue (20 C.F.R. § 416.945; Social Security Rulings 85-16 and 96-8p); obtain vocational expert evidence at steps four and, as warranted, five of the sequential evaluation process, as needed identifying any transferable skills the Plaintiff acquired from the performance of his past relevant work (20 C.F.R. §§ 416.960, 416.965, and 416.966; Social Security Ruling 00-4p). To the extent a vocational expert provides evidence that demonstrates that other work exists in significant numbers in the economy, the ALJ will ask the vocational expert questions designed to elicit clear and complete information, including asking the vocational expert to clearly describe any assumptions on which the testimony is based; will clarify ambiguous or overly technical responses by the vocational expert so that the VE's response is understandable to the average person; and will offer the Plaintiff and the representative the right to question the vocational expert fully on any pertinent matter within the vocational expert's area of expertise. 20 C.F.R. § 416.960, HALLEX I-2-6-74.

BY THE COURT:

/s/ C. N. Clevert, Jr.
C. N. Clevert, Jr.
U.S. District Judge

2